UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RANDY RAY CARSON                         CIVIL ACTION

VERSUS                                   NO. 08-4650

C.O. YOUNG ET AL.                        MAGISTRATE JUDGE
                                         JOSEPH C. WILKINSON, JR.

# **ORDER**

Plaintiff has filed a "Motion to Compell (sic) Discovery or for Sanctions." Defense counsel has filed a response to the motion. Record Doc. Nos. 52 and 54. Plaintiff asserts in his motion that defense counsel should be sanctioned for failure to (1) submit no later than June 30, 2009, a list of witnesses and exhibits for trial; (2) "comply with the court's verbal <u>order</u>" that "all the Administrative Remedys (sic) grievances & complaints be responded to pursuant to Prison litigation act;" (3) furnish no later than May 14, 2009, information concerning plaintiffs' witnesses, Ross Bertell, Bobby Woods and Manuel Weber; and (4) submit to the court and plaintiff by June 30, 2009, any photographic evidence.

Plaintiff's motion also seeks to compel production of the following documents from defense counsel: (1) "the pod logs from C-Dorm, from 8-19-08 and Sep. 10th 08, log entries from 5:00 a.m. to 3:00 p.m., specifically during feeding of dorms;" (2) "the pod officer's written statement and full name who was working on 8-19-08 and saw the

incident between C.O. Young & Carson;" and (3) "the formal grievance that was removed from plaintiff's 1983 action while attempting to file this action."

In his response to plaintiff's motion, defense counsel states that, along with his response to the motion, he has provided to plaintiff a copy of (1) "any and all inmate requests, complaints, and grievances found in the St. Tammany Parish Jail administrative file of inmate Randy Ray Carson. This response includes but is not limited to the alleged incident involving Deputy Young that occurred on August 19, 2008, which is the subject of this lawsuit;" and (2) "the St. Tammany Parish Log Book entries for C-Dorm from August 19, 2008, with all nonrelevant portions redacted." Record Doc. No. 54 at p. 2.

In addition, the record reflects that defense counsel has filed a list of witnesses and exhibits, Record Doc. No. 51, and adequately responded to the court's scheduling order concerning the whereabouts of plaintiff's witnesses, including that "[t]here are no records of a Ross Bertell or Bobby Woods being employed by the Sheriff of St. Tammany Parish or being inmates in the St. Tammany Parish Jail" and that plaintiff's witness, Manuel Weber, "was transferred from the St. Tammany Parish Jail to Elayn Hunt Correctional Center on May 18, 2009." Record Doc. Nos. 46 and 53. Accordingly, **IT IS ORDERED** that plaintiff's motion is DENIED insofar as it seeks sanctions and/or an order to compel as to these issues.

However, **IT IS ORDERED** that, no later than **August 19, 2009**, counsel for defendants must file a written response to the remaining portions of plaintiff's motion to compel seeking (1) photographic evidence, particularly any relating directly to plaintiff's claim in this case; (2) "the pod logs from C-Dorm, from . . . Sep. 10th 08, log entries from 5:00 a.m. to 3:00 p.m., specifically during feeding of dorms;" and (3) "the pod officer's written statement and full name who was working on 8-19-08 and saw the incident between C.O. Young & Carson." Thereafter, these portions of plaintiff's motion will be decided on the record without oral argument.

**IT IS FURTHER ORDERED** that, no later than **August 19, 2009**, counsel for defendants must file a more complete response to the court's scheduling order previously filed in this matter, specifically stating whether plaintiff's witness, **Lt. Franklin**, whom defendant advised is still employed by the Sheriff at the jail, will appear at trial without the need for subpoena, and, if not, providing the court with his present or last known address so that a subpoena may be issued. Record Doc. Nos. 37 and 46.

As to defense counsel's assertion that "no discovery should take place until the issue of qualified immunity is determined in this matter," although the defense has been asserted and preserved, Record Doc. No. 20 (Answer, Fourth Defense), no motion for summary judgment or to dismiss has yet been filed. The particular materials requested

by plaintiff may be relevant to any such motion. Accordingly, the discovery that is the subject of this motion will be permitted.

New Orleans, Louisiana, this ___5th___ day of August, 2009.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE