UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RANDY RAY CARSON | CIVIL ACTION |
| VERSUS | NO. 08-4650 |
| C.O. YOUNG ET AL. | MAG. JUDGE WILKINSON |

## ORDER ON MOTION

APPEARANCES:   None (on the briefs)

MOTION:   Defendants' Motion for Summary Judgment, Record Doc. No. 74

O R D E R E D:

 XXX : GRANTED IN PART AND DENIED IN PART. In this case, plaintiff asserts a single claim under 42 U.S.C. § 1983 against three defendants, Warden Al Strain, Lt. Greg Longino and C.O. Young, based upon the alleged use of excessive force against him. Record Doc. No. 36. The above-referenced motion asserts six (6) grounds for dismissal of the remaining complaint: (1) plaintiff's alleged failure to exhaust the applicable prison administrative remedies procedure ("ARP"), as required by 42 U.S.C. § 1997e(a); (2) lack of subject matter jurisdiction; (3) failure to state a claim under the theory of respondeat superior; (4) lack of physical injury, as required by 42 U.S.C. §1997e(e); (5) qualified immunity; and (6) legal frivolousness.

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).  The moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but it is not required to negate elements of the nonmoving party's case. Edwards v. Your Credit, Inc., 148 F.3d 427, 431 (5th Cir. 1998) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

> When a moving party alleges that there is an absence of evidence necessary to prove a specific element of a case, the nonmoving party bears the burden of presenting evidence that provides a genuine issue for trial.  "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving

party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."

Thomas v. Barton Lodge II, Ltd., 174 F.3d 636, 644 (5th Cir. 1999) (citing Celotex, 477 U.S. at 322-23; quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)).

To withstand a properly supported motion, the nonmoving party who bears the burden of proof at trial must come forward with evidence to support the essential elements of his claim. National Ass'n of Gov't Employees v. City Pub. Serv. Bd., 40 F.3d 698, 712 (5th Cir. 1994) (citing Celotex, 477 U.S. at 321-23). "[A] complete failure of proof concerning an essential element of the nonmoving party's case renders all other facts immaterial." Celotex, 477 U.S. at 323.

On summary judgment, the court cannot make credibility determinations. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . [when] ruling on a motion for summary judgment . . . . The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); accord Evans v. Ball, 168 F.3d 856, 858 (5th Cir. 1999); Crowe v. Henry, 115 F.3d 294, 296 (5th Cir. 1997). In addition, the court must consider all evidence and construe all factual controversies in the light most favorable to the nonmovant. National Ass'n of Gov't Employees v. City Pub. Serv. Bd., 40 F.3d 698, 712, 712-13 (5th Cir. 1994).

Applying the foregoing standards, I find that defendants Strain and Longino are entitled to judgment in their favor dismissing all claims against them. In his "Answer to Defense Motion for Summary Judgement (sic)," Record Doc. No. 79 at p. 13 of 44 ¶ 17, plaintiff speculates that Strain and Longino "know that C.O. Young has a history of use of excessive force," but plaintiff has no proof that they participated in or knew of the alleged excessive force used against him by Young at the time he allegedly used it. In fact, plaintiff concedes in his written submission that "I have failed . . . to get the evidence I needed to prove that they [Strain and Longino] knew Young was abusive to many other inmates in the past. . . Please dismiss the claim against both Al Strain and G. Longino. My only defendant is C.O. Young." Id. (emphasis added). Defendants are correct as a matter of law that Strain and Young cannot be liable under Section 1983 under a respondeat superior doctrine, Eason v. Thaler, 73 F.3d 1322, 1327 (5th Cir. 1996), and Carson has conceded that he has no proof sufficient to support any claim against them. On this record, the motion is granted as to Strain and Longino, and all claims asserted against them are dismissed.

As to the only remaining claim [excessive force against defendant C.O. Young], the motion is denied. The court's subject matter jurisdiction is well established. 28 U.S.C. §§ 1331, 1343. Plaintiff's excessive force allegations concerning Young's alleged use of excessive force against him clearly state a claim upon relief might be granted under Section 1983 and are not frivolous. Petta v. Rivera, 143 F.3d 895, 911 n.25 (5th Cir. 1998) (citing Graham v. Connor, 490 U.S. 386, 395 n.10 (1989)); accord Flores v. City of Palacios, 381 F.3d 391, 401 (5th Cir. 2004); Gutierrez v. City of San Antonio, 139 F.3d 441, 452 (5th Cir. 1998).

In addition, I find that the evidentiary record does not establish a clear set of uncontested facts on which it must be concluded as an undisputed matter that the Section 1983 excessive force claim against Young must be dismissed without trial. Based on plaintiff's written submissions, exhibits and testimony delivered during the Spears hearing, Record Doc. Nos. 26, 27 and 79, I find that material facts are in dispute, including but not limited to exactly what plaintiff and prison officials did (and when they did it) in connection with the applicable ARP; whether prison officials acted in accordance with the ARP in treating plaintiff's initial complaint as a submission outside the ARP and his subsequent letter to the warden as the first step in the ARP, as opposed to the second step appeal to the warden; whether the actions of prison officials thwarted plaintiff's efforts to exhaust the ARP; the extent of and necessity for Young's alleged use of force, if any; the factual conditions relevant to evaluating the objective reasonableness of Young's actions and the circumstances under which he took them; whether plaintiff suffered physical injury (as he states) as a result of Young's use of force and, if so, the extent or seriousness of any such injury.

Under these disputed factual circumstances, I cannot grant summary judgment in its entirety and must commit this disputed evidentiary record to trial for resolution of the sole remaining claim [excessive force allegedly used against plaintiff by Young].

New Orleans, Louisiana, this \_\_\_22nd\_\_\_ day of October, 2009.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE